# Chapter 13 Plan

*Effective 1/1/2023*
*Version 3*

Debtor 1: Calvin Anthony Dobbins

Debtor 2 (*Spouse, if filing*):

United States Bankruptcy Court - Northern District of California

Case Number (*if known*): 23-41140 WJL 13

**FILED**
SEP 22 2023
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ Check if this is an amended plan

☐ Check if this is a post-confirmation modified plan

## Section 1: Notices

Note: In a joint case, reference to a Debtor includes both Debtor 1 and Debtor 2. Whenever there are check boxes in this plan providing a choice, "None" or "Not included" will be presumed if no boxes are checked.

**To Debtors:** This form sets out permissible options for chapter 13 cases in the Northern District of California. The text of the provisions in this form plan may not be altered. Any nonstandard provision must be stated in § 10 of this plan and you must check "Included" in § 1.4 below. Any nonstandard provision placed elsewhere is ineffective. **Use of this form is mandatory.**

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

The following matters may be of particular importance. *Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked or unchecked, the provision will be ineffective if set out later in the plan.* This may also be accomplished by a separately filed motion as indicated in the applicable section.

| | | Included | Not Included |
|---|---|---|---|
| 1.1 | A provision that limits the amount of a secured claim based on a valuation of the collateral for the claim, see Class 3. | ☐ | ☐ |
| 1.2 | A provision that avoids a security interest or lien, see Class 4. | ☐ | ☐ |
| 1.3 | A provision that avoids a judicial lien or nonpossessory nonpurchase money lien, see Class 6. | ☐ | ☐ |
| 1.4 | Nonstandard provisions, see § 10. | ☑ | ☐ |

## Section 2: Plan Payments & Length of Plan

**2.1** Debtor will make payments to the Trustee as follows:

[Add Row] [Remove Row]

| Dollar Amount | Number of Months | Total |
|---|---|---|
| 0 | 0 | 0 |
| | Additional Payments (*see § 2.3*): | 0 |
| **Estimated Total Months:** | **Estimated Total Payments:** | 0 |

**2.2** The initial plan payment to the Trustee is due 30 days after the petition date. After the initial plan payment to the Trustee, regular plan payments must be received by the Trustee not later than the 20th day of each month. Payments will be made from future income in the following manner:

*Check all that apply:*

☐ Debtor will make payments directly to the Trustee.

| | |
|---|---|
| | ☐ Debtor will make payments pursuant to a payroll deduction (wage) order. |
| | ☐ Other: |

| | | |
|---|---|---|
| 2.3 | **Additional payments** | |
| | *Check one:* | |
| | ☐ None. The rest of this provision need not be completed or reproduced. | |
| | ☐ Debtor will make additional payment(s) to the Trustee from other sources, as specified below. *Describe in the box below the source, estimated amount, and date of each anticipated payment. Explain further as needed in § 10.* | |

## Section 3: Claims

**Need to file proof of claim and determination of classification**. A creditor, including a secured creditor, must file an allowable proof of claim in order to receive disbursements from the Trustee, whether or not this plan mentions the creditor's claim. Unless the court orders otherwise, the Trustee will make distributions only on filed proofs of claim. Unless the court orders otherwise, the proof of claim shall determine the amount and classification of a claim.

## Section 4: Pre-confirmation adequate protection payments to secured creditors

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment.** If applicable, the Trustee will make adequate protection payments under 11 U.S.C. § 1326(a)(1)(C) to parties listed below, beginning as soon as practicable after the creditor files a proof of claim. After confirmation, the Trustee shall make distributions as provided in Sec. 9.4 or Attachment A. Claims shall be paid by Trustee in the order listed below.

[Add Row] [Remove Row]

| Creditor | Subject property (& est. value if adequate protection) | Monthly Payment |
|---|---|---|
| | Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | 0 |

## Section 5: Treatment of Claims

**Class 1: Secured claims on which Debtor had defaulted before the petition date. Debtor does not intend to alter terms except to cure arrears**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:**

- **Retention of lien and claimholder's rights**. A holder of a Class 1 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. This plan does not modify the holder's rights other than by curing the default by paying the prepetition arrearage, i.e. the regular installments of principal, accrued and unpaid interest and other charges, such as attorney's fees, escrow, and collection costs, that became due before the petition date without regard for any acceleration.

- **Cure payments by the Trustee**. Unless a Class 1 creditor agrees to different treatment, the Trustee will make distributions to cure the prepetition arrearage. The Trustee will make monthly payments on each Class 1 claim that include interest on the arrearage at a 0% interest rate unless a different rate is stated below. Each Class 1 creditor shall apply these payments only to the prepetition arrearage. The Trustee shall make no payment to a creditor if there is no allowable filed proof of claim, or whose proof of claim states that the arrearage is $0.00, none, or the like.

- **Postpetition maintenance payments**. Unless specifically noted otherwise in the box below, Debtor, and not the Trustee, shall pay directly to each Class 1 creditor or its agent each payment first becoming due without acceleration after the petition date ("postpetition installments"), as authorized under the applicable agreement and law, but the amount of the postpetition installments shall be determined as if the claim was not in default on the petition date. Each Class 1 creditor must apply the postpetition installments only to the debtor's postpetition obligations.

[Add Row] [Remove Row]

| Creditor Name | Collateral | Claim Amount | Estimated Arrearage | Interest Rate % | Monthly Arrearage Payment | Start Date (Month/Year) |
|---|---|---|---|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | | 0 | 0 | 0 | 0 | |

☐ Conduit plan option. If selecting, list Class 1 claims in Attachment A and attach to plan, and select nonstandard provision box in Section 1.4

**Class 2: Secured claims which mature before the projected date of the last payment due under this plan which are intended to be paid in full or any other secured claim that is to be paid in full through the plan by the Trustee**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment.** The claims listed below are secured claims that are expected to be fully paid, with interest, before the last payment is due to the Trustee under this plan, or are secured claims that Debtor seeks to have paid in full through the plan, with interest. Claims will be paid interest at 0% unless otherwise stated below

| Add Row | Remove Row |
|---|---|

| Creditor Name | Collateral | Claim Amount | Interest Rate % | Monthly Payment | Start Date (Month/Year) |
|---|---|---|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | | 0 | 0 | 0 | |

**Class 3: Secured claims on which Debtor proposes to limit the claim amount to the value of the collateral pursuant to 11 U.S.C. § 506(a) and § 1325 (stripped down)**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment.** Secured claims shall be limited to value of collateral as determined by the court, with the remaining claim balance being treated either as a priority claim or as a nonpriority general unsecured claim under this plan to the extent there is a right to a deficiency claim. If the creditor's claim states a value that is acceptable to Debtor, then no further determination is required.

- **Payments by the Trustee.** Unless the claim holder agrees to different treatment, the Trustee shall make distributions to pay a Class 3 claim sufficient to pay the allowed amount of the claim plus interest during the duration of the plan at a 0% interest rate unless a different rate is stated in Attachment B. The difference between the amount determined to be secured and the total amount stated on the creditor's proof of claim will be treated as an unsecured claim below.

- **Retention of lien.** A holder of a Class 3 claim will retain its lien until the earlier of (a) full payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate.

<u>Means of accomplishing this provision (check one):</u>

☐ <u>By motion or objection to claim.</u> To value a non-governmental creditor's secured claim, Debtor will either (1) file and serve a separately noticed motion, or (2) file and serve an objection to the claim. List all claims Debtor elects to treat in this manner below. Such a motion shall be served in the same manner as a summons and complaint under Rule 7004. For a governmental unit's secured claim, no motion or objection may be filed until after the claim is filed or the bar date for governmental units has expired.

☐ <u>By this plan.</u> Check box on first page of plan, serve this plan in the same manner as a summons and complaint under Rule 7004, and complete **Attachment B**. For each claim listed in **Attachment B** Debtor asserts that the amount of the secured claim should be that listed as **Amt to be treated as secured**. This option is not available for governmental unit secured claims.

| Add Row | Remove Row |
|---|---|

| Creditor Name | Collateral | Claim Amount | Value of Secured Claim | Interest Rate % | Monthly Payment | Start Date (Month/Year) |
|---|---|---|---|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | | 0 | 0 | 0 | 0 | |

**Class 4: Secured claims on which Debtor proposes to treat the claim as fully unsecured pursuant to 11 U.S.C. § 506(d), § 1322(b)(2) and § 1325 (voiding liens)**

☐ None. The rest of this claim provision need not be completed or reproduced.

Means of accomplishing this provision (check one):

☐ <u>By motion or objection to claim.</u> To void a non-governmental creditor's lien, Debtor will either file and serve a separately noticed motion or objection to claim valuing such lien at zero. Such motion or objection to claim shall be served in the same manner as a summons and complaint under Rule 7004. For a governmental unit's lien, no motion or objection may be filed until after the claim is filed or bar date for governmental units has expired. List all such liens below.

☐ <u>By this plan.</u> Check box on first page of plan, serve this plan in the same manner as a summons and complaint under Rule 7004, and complete Attachment C. This option is not available for governmental unit secured claims. For each claim listed in Attachment C, Debtor asserts that the amount of the secured claim should be $0.

Add Row    Remove Row

| Creditor Name | Collateral |
|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | |

**Class 5: Secured claims excluded from 11 U.S.C. § 506 valuation by the "hanging paragraph" of § 1325(a), which are subject to In re Penrod, 611 F.3d 1158 (9th Cir. 2010) (e.g., "910 Claims")**

☐ None. If "None" is checked, the rest of this claim provision need not be completed or reproduced.

The claims listed below were either (a) incurred within 910 days before the petition date and secured by a purchase money security interest ("PMSI") in a motor vehicle acquired for the personal use of Debtor, or (b) incurred within 1 year of the petition date and secured by a PMSI in any other thing of value.

**Treatment:** Pursuant to Penrod, only the purchase money portion of the allowed claim is entitled to secured status and shall be treated as set out below. The following secured claims shall be paid in full through the plan by the Trustee and the underlying liens shall be extinguished as satisfied upon discharge in this case.

☐ The entire claim is properly characterized as PMSI, which causes the allowed claim to be fully secured, to be paid with interest and monthly payments as set out below:

☐ A portion of the claim is properly characterized as non-PMSI, which is a non-priority unsecured claim in Class 14. The remainder of the allowed claim is secured, to be paid with interest and monthly payments as set out below:

**Class 6: Secured claims on which Debtor proposes to limit the claim amount pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d)**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims impair certain exemptions to which Debtor would have been entitled under 11 U.S.C. § 522(b). Unless the court orders otherwise, a judicial lien or security interest securing a claim identified will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, or the granting of a motion seeking such relief. The amount of the judicial lien or security interest that is avoided will be treated as a Class 14 nonpriority general unsecured claim to the extent allowed, unless entitled to priority or special treatment. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d).

<u>Means of accomplishing this provision (check one):</u>

☐ <u>By motion.</u> Debtor will file and serve a separately noticed motion. Such motion must be served in the same manner as a summons and complaint under Rule 7004. Identify claims below.

☐ <u>By this plan.</u> Check box on first page of plan, serve this plan in the same manner as a summons and complaint under Rule 7004, and complete an Attachment D for each lien sought to be avoided.

[Add Row] [Remove Row]

| Creditor Name | Collateral | Estimated Claim Amount | Value of Secured Claim | Interest Rate % | Monthly Payment | Start Date (Month/Year) |
|---|---|---|---|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | | 0 | 0 | 0 | 0 | |

**Class 7: Secured claims which Debtor proposes to satisfy by surrender of collateral**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** The Trustee shall make no distributions on a Class 7 secured claim if the real or personal property described below has been surrendered or offered for surrender to the creditor.

Entry of the order confirming this plan will terminate the automatic stay under 11 U.S.C. § 362(a) and the codebtor stay under 11 U.S.C. § 1301(a) as to Debtor, codebtor(s), and the bankruptcy estate, to permit the creditor whose collateral is being surrendered to receive, repossess, or foreclose upon that collateral and to exercise its rights and remedies as to its collateral under applicable nonbankruptcy law.

[Add Row] [Remove Row]

| Creditor Name | Collateral |
|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | |

**Class 8: Secured claims on which Debtor was not in default on the petition date. Debtor does not intend to modify the claimant's rights.**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** Claimant will retain its lien until the underlying debt is paid in full under nonbankruptcy law. The Debtor or a third party shall make all regularly scheduled contractual payments coming due postpetition.

[Add Row] [Remove Row]

| Creditor Name | Collateral | Contractual Payment | Person who will pay debt |
|---|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | | 0 | |

### Class 9: Non-Assigned Priority Domestic Support Obligations - § 507(a)(1)(A) and § 1322(a)(2)

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** All non-assigned domestic support obligations shall be paid in full in deferred cash payments by the Trustee.

| Creditor Name | Estimated Claim Amount | Interest Rate % |
|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | 0 | 0 |

### Class 10: Assigned Priority Domestic Support Obligations - § 507(a)(1)(B), § 1322(a)(4)

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** All allowed assigned domestic support obligations shall be paid the amount listed below in deferred cash payments by the Trustee.

| Creditor Name | Estimated Claim Amount | Interest Rate % | Amount to be Paid through Plan |
|---|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | 0 | 0 | 0 |

### Class 11: Priority Taxes - § 507(a)(8), § 1322(a)(2)

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** All allowed priority tax claims shall be paid in full in deferred cash payments by the Trustee pursuant to § 507(a)(8) and § 1322(a)(2).

| Creditor Name | Estimated Claim Amount | Interest Rate % |
|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | 0 | 0 |

### Class 12: Other Priority Claims

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** All other allowed priority claims shall be paid in full in deferred cash payments by the Trustee pursuant to § 507(a) and § 1322(a)(2).

| Creditor Name | Reason for Special Treatment | Estimated Claim Amount | Interest Rate % |
|---|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | | 0 | 0 |

### Class 13: Nonpriority General Unsecured Claims (Afforded Special Treatment, including co-signed debts)

# ATTACHMENT B: Class 3
# Request for Valuation and Determination of Amount of Secured Claim
*(Attach only if plan includes Class 3 secured claims)*

**Treatment of Class 3 Claims** – <u>**effective only if the applicable box in Section 1 of this plan is checked and the plan and this Attachment B are served on affected creditors in the same manner as a summons and complaint under Rule 7004.**</u>

**Treatment**: Debtor requests that secured claims be limited to value of collateral as determined by the court, with the remaining claim balance being treated as a non-priority unsecured claim to the extent there is a right to a deficiency claim.

**Instructions:** Debtor must serve the plan (and any amended plan) that purports to value collateral pursuant to § 506(a), on the affected lienholder in accordance with FRBP 7004. After the period for objecting to confirmation of the plan or any amended plan has expired, and if no affected lienholder has objected to confirmation, the Debtor shall file for each affected lienholder a "Declaration of Compliance and No Opposition," (Note: To file use specified ECF event code Declaration of Compliance and No Opposition Sec. 506 Valuation) which shall verify service of the operative plan in accordance with FRBP 7004 and shall verify that no affected lienholder has objected to confirmation. Upon the filing and review of this Declaration and of the relevant plan, the court will issue a docket entry indicating whether the plan can be confirmed with respect to its proposed valuation pursuant to § 506. No trustee shall recommend confirmation of a plan that purports to value collateral pursuant to § 506 unless or until the Debtor has filed a Declaration of Compliance and No Opposition and the court has issued a docket entry indicating that the plan's valuation provisions can be confirmed.

*Collateral (if real property, state address or parcel number; if vehicle, year, make, model, and mileage.)*

2308 Hilliard Circle
Antioch, CA 94509

[✓] Check if real property is debtor's principal residence.

*Debtor's valuation and basis for valuation (e.g., Debtor's estimated value, appraisal, broker's opinion, etc.)*

Zillow Value $685,600.00

| Creditor Name & Recording Information, if applicable | Est. Balance Owing | Amt to be Treated as Secured | Interest rate % | Monthly Payment | Start Date (Month/Year) |
|---|---|---|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | 0 | 0 | 0 | 0 | |

*Include additional attachments as needed for other collateral.*

| Add Subform | Remove Subform |
|---|---|

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** As specified below.

[Add Row] [Remove Row]

| Creditor Name | Reason for Special Treatment | Proposed Treatment |
|---|---|---|
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | | |

### Class 14: Nonpriority General Unsecured Claims

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** Allowed claims will be paid by the Trustee, from funds remaining after payment of all other allowed claims, as follows:

*Check One:*

☐ **Fixed dollar dividend:** allowed general unsecured claims shall be paid by the Trustee an aggregate dividend of

| 0 | which shall be shared pro rata by claimants.

☐ **Percent Dividend:** allowed general unsecured claims shall be paid by the Trustee an aggregate dividend of [ 0 ] % which shall be shared pro rata by claimants.

☐ **Payment in full with interest at the Federal Post-Judgment Rate effective on the petition date.**

## Section 6: Unclassified Claims and Expenses

**Trustee's Fees.** The Trustee's fees are governed by 28 U.S.C. § 586(e), may change during the course of the case, but cannot exceed 10% of receipts.

**Debtor's attorney fees.**

Debtor's attorney was paid [ 0 ] prior to the filing of the case. Additional fees of [ 0 ] shall be paid upon court approval. Debtor's attorney will seek approval either by:

☐ complying with General Order 35; or

☐ filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Bankruptcy Rules 2002 and 2016.

Debtor's attorney's fees shall be paid [ 0 ] of each monthly plan payment.

**Other Administrative Expenses.**

[ 0 ] as allowed by 11 U.S.C § 1326(b). Name of party owed: [           ]

## Section 7: Executory Contracts and Unexpired Leases

☐ None. The rest of this claim provision need not be completed or reproduced.

**Executory Contracts and Unexpired Leases Assumed.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay any postpetition contract or lease payment directly. Any prepetition arrears will be paid in full by the Trustee.

[Add Row] [Remove Row]

| Other Party | Description of Contract or Lease | Contract Payment | Estimated Arrearage | Monthly Payments on Arrears | Start Date (Month/Year) |
|---|---|---|---|---|---|
| | | 0 | 0 | 0 | |

**Executory Contracts and Unexpired Leases Rejected.** Debtor rejects the executory contracts and unexpired leases listed below. Upon confirmation of the plan, the automatic stay arising under § 362(a) shall be terminated.

| Add Row | Remove Row |
|---|---|

| Other Party | Description of Contract or Lease |
|---|---|
| | |

## Section 8: Vesting of Property of the Estate

Property of the estate (check one):

☐ Revests in Debtor upon confirmation. Debtor may sell, refinance, or execute a loan modification without prior court approval or order if the Trustee approves the transaction.

☐ Revests not in Debtor at confirmation, but on the earlier of plan completion, discharge, dismissal, or closing.

Regardless of vesting of property of the estate:
- during the pendency of the case, the Trustee is not required to file income tax returns for the estate or insure any estate property; and
- the court shall be empowered to enforce Bankruptcy Rule 3002.1; and to provide any other relief necessary to effectuate this plan, the orderly administration of this case, and the protection of property of Debtor and property of the estate.

## Section 9: Miscellaneous Provisions

**9.1    Direct Secured Debt Payments.** Unless the court otherwise orders, if Debtor elects to pay installment payments directly to the lender(s) on real property secured debt that is in default on the filing date, Debtor shall file a declaration under penalty of perjury on each anniversary of the plan's confirmation of having made those payments and shall serve each declaration on the Trustee.

**9.2    Limited stay relief.** Notwithstanding 11 U.S.C. §§ 362 and 1301, any secured creditor may transmit to Debtor and codebtor payment coupon books and other statements, notices of payment changes or interest rate changes, escrow account statements, and other statements concerning postpetition obligations, if such documents conform to bankruptcy-specific forms required by a federal statute, regulation, or rule, or contain a conspicuous disclaimer that they are being provided for informational purposes only and are not a demand for payment.

**9.3    Effect of relief from automatic and codebtor stays.** As soon as practicable after the Trustee receives notice of an order granting relief from stay, the Trustee shall cease making distributions on all claims secured by such collateral, unless the court orders otherwise.

**9.4    Distribution of plan payment by the Trustee in non-conduit cases.** Debtor's monthly plan payment must be sufficient to pay in full: (a) Trustee's fees, (b) the monthly dividends specified in Section 6 for Debtor's attorney's fees and administrative expenses, (c) the monthly dividends payable on account of Class 1, 2, 3, 5, and 6 claims, and executory contract and unexpired lease arrearage claims.

If Debtor tenders a partial monthly plan payment to the Trustee, the Trustee shall pay, to the extent possible, such fees, expenses, and claims in the order specified in the paragraph above. If the amount paid by Debtor is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of the above paragraph, such dividends shall be paid pro rata, on account of any of the fees, payments, expenses, and claims within such subpart.

Once a monthly plan payment, or a portion thereof, is not needed to pay a monthly dividend because a fee, expense, or claim is not allowed or has been paid in full, such plan payment shall be paid pro rata, based on claim balance, to holders of: first, Debtor's attorney's fees, and administrative expenses in Section 6; second, claims in Classes 1, 2, 3, 5, and 6, and executory contract and unexpired lease arrearage claims; third, priority claims in Classes 9, 10, 11, 12; fourth, unsecured claims in Class 13; and fifth, unsecured claims in Class 14.

## Section 10: Non-Standard Plan Provisions

☐ None. The rest of this provision need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in Box 1.4 "Included" in Section 1.**

## Section 11: Signatures

By filing this document, each Debtor signing below certifies that (a) the wording and order of the provisions in this plan are identical to those contained in form chapter 13 plan, other than any nonstandard provisions included in Section 10, (b) that the plan has been proposed in good faith, (c) that the information provided in this plan is true and correct to the best of Debtor's knowledge, and (d) that Debtor will be able to make all plan payments and otherwise comply with plan provisions. Further, the statements in Attachment(s) A, B, C, and D, if applicable, are true and correct, under penalty of perjury.

| X: *[signature]* | X: |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed On: 09/22/2023 | Executed On: |

The undersigned certifies under penalty of perjury that the wording and order of provisions in this plan are identical to those contained in the form chapter 13 plan, other than any nonstandard provision included in Section 10.

| X: | Date: |
|---|---|
| Signature of Attorney Debtor(s) | |

# ATTACHMENT A: ADDENDUM Class 1
## Conduit Plan Provisions

*(Attach only if plan includes Class 1 claims with post-petition maintenance payments to be paid by the Trustee.)*

Secured claims where (a) the debtor was in default on the petition date and (b) the claimants' rights are not modified by the plan, except for the curing of the default.

**Conduit Plan Payments** – *effective only if the nonstandard provision box in Section 1 of this plan is checked, this Attachment A is completed, referenced in Class 1, and attached to the plan*

1. **Maintaining payments.** From plan payments received, Trustee shall make all post-petition monthly payments to the holder of each Class 1 claim whether or not this plan is confirmed or a proof of claim is filed yet.
    a. Unless either of the points below apply, the amount of the post-petition monthly payment shall be the amount specified in the plan.
        i. If the amount specified in the plan is incorrect, the Class 1 creditor may demand the correct amount in its proof of claim. Unless and until an objection to such proof of claim is sustained, the trustee shall pay the payment amount demanded in the proof of claim.
        ii. Whenever the post-petition monthly payment amount is adjusted in accordance with the underlying loan documentation, including changes resulting from an interest rate or escrow account adjustment, the Class 1 creditor shall give notice of payment change pursuant to Bankruptcy Rule 3002.1(b). Notice of the change in a proof of claim is not sufficient. Until and unless an objection to a notice of payment change is sustained, the trustee shall pay the amount demanded in the notice of payment change.
    b. If Debtor makes a partial plan payment that is insufficient to satisfy all post-petition monthly payments due each Class 1 claim, distributions will be made in the order such claims are listed in the table below.
    c. Trustee will not make a partial distribution on account of a post-petition monthly payment.
    d. If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to make timely a post-petition monthly payment, Debtor may be obligated to pay a late charge.
    e. If the holder of a Class 1 claim files a notice of payment change in accordance with Bankruptcy Rule 3002.1(b) demanding a higher or lower post-petition monthly payment, the plan payment shall be adjusted accordingly, without modification of the plan.
    f. If the holder of a Class 1 claim gives Debtor and Trustee notice of post-petition fees, expenses, and charges in accordance with Bankruptcy Rule 3002.1(c), Debtor may modify this plan if Debtor wishes to provide for such fees, expenses, and charges.
    g. Post-petition monthly payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim was current and no arrearage existed on the date the case was filed.

| Creditor | Collateral | Maturity Date | Estimated Arrearage | Interest Rate % | Arrears Start Date (MM/YY) | Monthly Arrears Pmt | Post Pet. Monthly Pmt |
|---|---|---|---|---|---|---|---|
| Principal Residence | Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" 2308 Hilliard Circle Antioch, CA 94509 | | 0 | 0 | | 0 | 0 |
| Add Row | Remove Row | | | | | | |

| | Creditor | Collateral | Maturity Date | Estimated Arrearage | Interest Rate % | Arrears Start Date (YY/MM) | Monthly Arrears Pmt | Post Pet. Monthly Pmt |
|---|---|---|---|---|---|---|---|---|
| Other Class 1 Property | Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" | 2308 Hilliard Circle Antioch, CA 94509 | | 0 | 0 | | 0 | 0 |

Add Row | Remove Row

2. **Distribution of plan payment by Trustee.**
   a. Debtor's monthly plan payment must be sufficient to pay in full, at a minimum:
      i. Trustee's fees;
      ii. post-petition monthly payments due on Class 1 Conduit claims;
      iii. the monthly dividend specified in Section 6 for Debtor's attorney's fees and administrative expenses; and
      iv. the monthly dividends payable on account of Class 1, 2, 3, 5, and 6 claims, and executory contract and unexpired lease arrearage claims.

   b. If Debtor tenders a partial monthly plan payment to Trustee, Trustee shall pay, *subject to the limitations in 1(c) above*, to the extent possible, such fees, expenses, and claims in the order specified in (i) through (iv) above.

   c. Once a monthly plan payment, or a portion thereof, is not needed to pay a monthly dividend because a fee, expense, or claim is not allowed or has been paid in full, such plan payment shall be paid pro rata, based on claim balance, to holders of: **first**, Debtor's attorney's fees and administrative expense fees in Section 6; **second**, claims in Classes 1, 2, 3, 5, and 6, and executory contract and unexpired lease arrearage claims; **third**, priority claims in Classes 9, 10, 11, and 12; **fourth**, unsecured claims in Class 13; and **fifth**, unsecured claims in Class 14.

**ATTACHMENT C: Class 4 Claims**
**Request to Treat Claim as Fully Unsecured Pursuant to § 506(d), § 1322(b)(2), and § 1325**
*(Attach only if plan includes Class 4 secured claims)*

**Treatment of Class 4 claims** – *effective only if the applicable box in Section 1 of this plan is checked and the plan and this Attachment C are served on affected creditors in the same manner as a summons and complaint under Rule 7004.*

**Treatment:** Secured claims will be valued at zero and such liens are void. The remaining claim balance will be treated as an unsecured non-priority claim under Class 14 to the extent there is a right to the deficiency claim.

**Instructions:** Debtor must serve the plan (and any amended plan) that purports to value collateral pursuant to § 506(d), on the affected lienholder in accordance with FRBP 7004. After the period for objecting to confirmation of the plan or any amended plan has expired, and if no affected lienholder has objected to confirmation, the Debtor shall file for each affected lienholder a "Declaration of Compliance and No Opposition," (Note: To file use specified ECF event code Declaration of Compliance and No Opposition Sec. 506 Valuation) which shall verify service of the operative plan in accordance with FRBP 7004 and shall verify that no affected lienholder has objected to confirmation. Upon the filing and review of this Declaration and of the relevant plan, the court will issue a docket entry indicating whether the plan can be confirmed with respect to its proposed valuation and voidance of the lien pursuant to § 506. No trustee shall recommend confirmation of a plan that purports to value collateral at zero and void such lien pursuant to § 506 unless or until the Debtor has filed a Declaration of Compliance and No Opposition and the court has issued a docket entry indicating that the plan's valuation provisions can be confirmed.

| |
|---|
| *Creditor Name* |
| Creditor(s) If any, to be established by Form 410 Proof of Claim, i.e., "...an inquiry reasonable under the circumstances" |
| *Lien identification, e.g., date of judgment or lien recordation.* |
| |
| *Collateral (if real property, state address or parcel number; if vehicle, year, make, model, and mileage.* |
| 2308 Hilliard Circle<br>Antioch, CA 94509 |
| *Debtor's valuation and basis for valuation (e.g., Debtor's estimated value, appraisal, broker's opinion, etc.).* |
| Zillow Value $685,600.00 |
| *Include additional attachments as needed for other liens.* |

[ Add Subform ]  [ Remove Subform ]