Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266- 5580
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| In re | Chapter 13 Case No. 23-41140-WJL13 |
|---|---|
| Calvin Anthony Dobbins | |
| Debtors | |

| **Plan Objection Information** |
|---|

Chapter 13 Trustee ("Trustee") Objects To: Chapter 13 Plan
Filed: September 22, 2023
Docket#: 13

| **Motion To Dismiss Information** |
|---|

☑ Trustee Seeks To Dismiss or Convert the Case

Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

(See II. Motion To Dismiss Below)

| **Case Information** |
|---|

Petition Filed: September 08, 2023            Attorney Name: PRO PER

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

### (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☑ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: The Debtor has not provided 60 days worth of payment advices as required by Section 521 of the Bankruptcy Code. If the debtor does not receive payment advices then a statement outlining this must be provided. Schedule I line 5h lists a deduction of $232 but fails to specify what the deduction is for.

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☑ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: Schedule J indicates the excess income is negative $561 which will not be sufficient to support the plan payment.

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☑ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts: Schedule J 17a lists car payment for $380. This car creditor is a secured debt that must be disclosed on Schedule D and provided for in the Plan

☑ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts: The Plan proposes no plan payments and no term. It is also blank as to treatment of any creditors.

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☑ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts: Form 122C-1 - the Means Test - lines 4/10 fails to disclose the household contribution from the debtor's 21 year old son. Line 16b lists a household size of 7, however only 5 dependents are disclosed on Schedule J.

☑ (15(a)) Other:   The Plan is Incomplete

Facts: Sections 1.1 - 1.3, 2.2, 2.23, 4, 5 Class 1-14, Sections 7, 8 & 10 are left unanswered.  Section 2.1 lists the term as 0 which is not an appropriate plan term.  All Attachments are incomplete.

☐ (15(b)) Other:

Facts:

### (B) Local Rules and General Orders

☐ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

Facts:

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐ (18)  The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☑ (19) Other: The Plan Must Be Served with 28 - Days Notice and Opportunity to Object on All Creditors.
Facts: This case was filed as a skeleton which means no plan was served with the Notice of Commencement of Case.  Per the Local Rules the Debtor must serve all Creditors with the plan and a 28-day Notice of Opportunity to Object.  A certificate of service proving this was done must also be filed.

### II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐  (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐  (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☑ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts: The Voluntary Petition is missing the prior case filed by this debtor. Case No. 22-41115 CN, filed on 11/4/22 and dismissed on 12/21/22. Schedule A/B number 3.1 indicates that the debtor's value of the 2012 Honda Accord is $0 however debtor is the only owner of the vehicle. Schedule E/F 2.1 lists the debt of Credit Acceptance as priority. There is no indication as to why this debt is priority. Number 4.1 lists Servbanc Holdco as a general unsecured debt - this appears to be a general unsecured debt and should be disclosed on Schedule D.

☑ (6) Other cause: The Debtor filed a Certificate of Credit Counseling on 9/22/23. The Certificate indicates that the Debtor received his counseling on 9/21/23. The Bankruptcy Code requires that Credit Counseling occur prior to the filing of the case or a declaration of exigent circumstances be filed in the case. No declaration has been filed.
Facts:

### III. Trustee's Recommendation/Analysis

☐ The current plan is not confirmable and an amended plan will be required to be filed.

☑ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Carolina Urbina by email at curbina@oak13.com.

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☑ That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: September 27, 2023                                   /s/ Trustee Martha G. Bronitsky
                                                           Trustee Martha G. Bronitsky
                                                           Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| Date: September 27, 2023 | /s/ Olga Gonzalez |
| | Olga Gonzalez |
| Calvin Anthony Dobbins<br>2308 Hilliard Cir<br>Antioch, CA 94509 | Pro Per<br><br>(Counsel for Debtor) |
| Debtor | |