Calvin Anthony Dobbins
2308 Hilliard Circle
Antioch, CA 94509-5850



FILED
OCT 16 2023
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA,
OAKLAND DIVISION

In re
CALVIN ANTHONY DOBBINS

Petitioner/Debtor.

Case No. 23-41140-WJL13
(Chapter 13)

**Debtor's Opposition To Motion Of Chapter 13 Trustee, Martha G. Bronitsky, To Dismiss for Unreasonable Delay that is Prejudicial to Creditors; Declaration and Notice and Opportunity to Object**

TO THE HONORABLE WILLIAM J. LAFFERTY AND ALL PARTIES OF INTEREST:

COMES NOW the Debtor, Calvin Anthony Dobbins, who relies upon **Haines v. Kerner**, (1972), 404 U.S. 519 in the above-captioned matter, **to give notice** that Debtor, pursuant to **Haines v. Kerner**, hereby serves this courtesy notice that Debtor's Opposition To Motion Of Chapter 13 Trustee, Martha G. Bronitsky, To Dismiss for Unreasonable Delay that is Prejudicial to Creditors; Declaration and Notice and Opportunity to Object as follows:

I    INTRODUCTION

Debtor contends that the Motion Of Chapter 13 Trustee, Martha G. Bronitsky, "To Dismiss for Unreasonable Delay that is Prejudicial to Creditors; Declaration and Notice and Opportunity to Object" is unjust for a number of reasons most of which constitute a circumvention of the inherent rights of Debtor guaranteed by the Constitutions of the United States and California state as they pertain to equal protection under the laws of currency, consideration and tender as well as prohibition of involuntary servitude. Debtor in a good faith makes this effort to get to the truth by full disclosure of the terms

Notice: This document is subject to the Sole Actor Doctrine    Page **1** of **11**

Case: 23-41140   Doc# 23   Filed: 10/16/23   Entered: 10/16/23 15:31:46   Page 1 of 11

and conditions of the purported loans of money by purported creditors that were actually delivered to Debtor which Debtor believes as a matter of law did not take place.

## II     STATEMENT OF FACTS

1. That Martha G. Bronitsky, in her motion to dismiss Debtor's Chapter 13 petition, asserts that her motion to dismiss for cause is based upon "Unreasonable Delay that is Prejudicial to Creditors."

## III     ARGUMENT

2. That Debtor disputes the tenor of Bronitsky's motion suggesting that Debtor has engaged in apparent unethical tactics that would warrant a dismissal of the Chapter 13 Bankruptcy Petition without just cause.

3. That Bronitsky has assumed that the purported Creditors, who filed Form 410 Proof of Claims, can produce certified evidence of an actual outstanding monetary obligation owed to them by Debtor without verification of an actual delivery of a thing of value (Civil Code § 1478) by said Creditors to Debtor in the initial transaction that would establish said Creditors standing as a real party in interest mandated by FRCP Rule 17(a) to claim the status of Creditors in this instant petition.

4. That Debtor is not in receipt of any admissible evidence filed of record of any purported creditors' actual delivery of a thing of value in the lawful money of the United States as mandated under both federal and state laws controlling the issue of consideration, currency, and tender of money and believes that none exist.

5. That Debtor maintains that each corporation that has appeared in this instant matter as a purported creditor is duly bound by and subject to the specific performance provisions of California Corporation Code in general and in this instant particular dealing with money is bound by Corp Code §107, Civil Code §1478, or suffer the penalties of Penal Code § 648 which each cited code section provides in pertinent part that:

> **California Corporation Code § 107** No corporation, social purpose corporation, association, or individual shall issue or put in circulation, **as money, anything but the**

>       **lawful money of the United States.**        Emp added **bold** mine

> **Civil Code § 1478** Performance of an obligation for **the delivery of money only, is called payment.**        Emp added **bold** mine

> **Penal Code § 648** Every person who makes, issues, or puts in circulation any bill, check, ticket, certificate, **promissory note**, or the paper of any bank, **to circulate as money**, except as authorized by the laws of the United States, for the first offense, **is guilty of a misdemeanor, and for each and every subsequent offense, is guilty of felony.**   Emp added **bold** mine

All the above laws are consistent with, bound to and point to:

> **Title 12 U.S.C. § 411. Issuance to reserve banks; nature of obligation; redemption Federal reserve notes**, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. **They shall be redeemed in lawful money on demand** at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.        Emp added **bold** mine

6.      That the above referenced statutes are controlled by the mandate of the federal injunction and requirement of Article I, Section 10, Clause 1 of American Constitution as it pertains to the subject of tender of obligations in payment of debt, to wit:

> No State shall. . .make anything but gold and silver coin a tender in payment of debts;

This provision of the supreme Law of the Land is binding upon California as well as the rest of the American states of the American Confederacy now called Union as a matter of law.  For any corporation to conduct its business pursuits in one of the states of the American Union must conduct such pursuits in a medium of exchange established by the supreme Law of the Land.  Thus, any corporation conducting its business pursuits within the exterior territorial limits of California outside of a federal enclave (area) must comply with the above cited provisions of law without fail.

7.      That Trustee Martha G. Bronitsky has apparently assumed facts not in evidence that there are purported creditors, who have suffered some form of economic damage by the acts of Debtor being a proximate cause.

8.   That Debtor hereby asserts that Debtor is the "Payor" on any and all original promissory note/s wet inked endorsed by Debtor.  Any counterfeit copy of said note/s the bank/s has/have employed to support their filing of the requisite Form B410 Proof of Claim is hereby **specifically denied** by Debtor pursuant to UCC 3308 (a) and either the Trustee or any purported creditor has the burden of proof to establish the validity of the signature contained on their computer generated/copy machine generated document that supports their Form B410 proof of claim.

9.   That Martha G. Bronitsky, the Chapter 13 Trustee has assumed facts not in evidence that the application of Title 11 U.S.C. Section 1307(c)(1) within the exterior territorial limits of California state is authorized by the constitution.

10.   That Debtor has recently become aware of, is the issue of territorial jurisdiction of all Acts of Congress of which Title 11 U.S.C. is part and parcel of.  Martha G. Bronitsky, the Chapter 13 Trustee, apparently relies heavily upon Title 11 U.S.C. Section 1307(c)(1) as the basis upon which she moves the court to dismiss Debtor's Chapter 13 petition. Given the apparent involvement of federal law necessarily raises the issue of territorial jurisdiction as reflected in both the Tenth and Twenty-first Amendments of the supreme Law of the land.  These are issues of law addressing **a "superior element of law" that is, which jurisdiction governs?**  State or federal jurisdiction.  Clearly Congress has neither right, power, privilege, permission, authority, etc., to ever legislate for a given state republic which in this case California is, given its admission into the American Confederacy (called Union) on September 9, 1850 as a matter of law.

> That it is a fact that an Act of Congress is locally applicable in the territorial venue of the District of Columbia, federal territories, federal possessions and federal enclaves.  See Title 4 USC §72, Title 28 USC §2071, §2072, Title 18 USC § 3156(a) (2), (5), (b) (2), FRCP Rule 81(d) (3), FRCrimP Rule 1(b) (9) ". . . *The laws of Congress in respect to those matters **do not extend** into the territorial limits of the states*, [venue here] but have force only in the District of Columbia and other places that are within the exclusive jurisdiction of the national government." . . . ***Caha v. United States***, 152 U.S. 211 (1894). "Special provision is made in the Constitution for the cession of jurisdiction from the states over places where the federal government shall establish forts or other military works.

> And *it is only in these places or in the territories of the United States where it can exercise a general jurisdiction."* **New Orleans v. United States**, 35 U.S. 10 Pet. 662 662 (1836); **United States v. Dewitt**, 76 U.S. 9 Wall. 41 41 (1869); **Pollard's Lessee v. Hagan**, 44 U.S. 3 How. 212 212 (1845); **Louisville & Nashville R. Co. v. Mottley**, 211 U.S. 149 (1908); **Foley Bros., Inc. v. Filardo**, 336 U.S. 281 (1949); **United States v. Spelar**, 338 U.S. 217 (1949). emp added **bold** mine. See also JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES REPORT OF THE INTERDEPARTMENTAL COMMITTEE FOR THE STUDY OF JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES - PART II. "

11.  That given the fact that **jurisdiction is a power** constitutionally conferred upon a judge or magistrate to take cognizance of and determine causes according to law, and to carry his sentence into execution. 6 Pet. 591; 9 Johns. 239; 2 Neb. 1, and every act of jurisdiction exercised by a judge without his territory, either by pronouncing sentence or carrying it into execution, **is null and void as a matter of law**. 1 Salk. 404, n.; Gilb. C. P. 188; 1 Saund. 73; 2 Lord Raym. 1311

12.  That in light of the foregoing, the issue of territorial jurisdiction for Title 11 U.S.C. must be examined within the text of that title. Beginning at Title 11 U.S.C. § 101 that pertains to definitions. At § 101 (52) we find:

> (52) The term "**State**" includes the **District of Columbia and Puerto Rico**, except for the purpose of defining who may be a debtor under chapter 9 of this title. Emp added **bold** mine.

The first sentence in section 101 of Title 11 U.S.C. states:

**In this title** the following definitions shall apply:
emp added **bold** mine

Thus we find that Title 11 U.S.C.'s territorial jurisdiction includes the District of Columbia and Puerto Rico in most cases. Debtor does not see California in the list for the term "**State**" defined in Title 11 U.S.C. § 101(52) and yet Martha G. Bronitsky boldly employed Title 11 U.S.C. as her authority to motion the court to dismiss Debtor's Chapter 13 petition, which right of petition is guaranteed under Article I, Section 8, Clause 4 under the supreme Law of the land. Debtor maintains that the Chapter 13 petition was filed within the exterior territorial limits of California state at Oakland, California. Debtor in light of the foregoing laws, facts and evidence makes the case that

Notice: This document is subject to the Sole Actor Doctrine                    Page **5** of **11**

Case: 23-41140    Doc# 23    Filed: 10/16/23    Entered: 10/16/23 15:31:46    Page 5 of 11

Title 11 U.S.C. has no territorial jurisdiction application within California state as a matter of law given the express prohibition of both the Tenth and Twenty-first Amendments to the supreme Law of the land. About the only place that federal law has a general jurisdiction in California would be within the designated area "In this State or In this State" as provided in Revenue & Taxation Code §130(f) for example which provides thus:

> "(f) "**In this state**" means within the exterior limits of the State of California, and includes all territory within these limits **owned by, or ceded to, the United States of America**."     Emp added **bold** mine.

13.     That foregoing would pertain to any federal enclave located within the exterior territorial limits of California state on land duly ceded to the United States of America pursuant to Article I, Section 8, Clause 17 of the supreme Law of the land as implemented by Title 40 U.S.C. § 3112 in conjunction with Government Code §§ 120-126 as a matter of law. Take for instance the physical metes and bounds of the United States Bankruptcy Court conducting its business pursuits at 1300 Clay Street, Suite 300 in Oakland, California. This building is physically located within the exclusive legislative jurisdiction of California and not Congress as a matter of law as evidenced in the local public repository of Alameda County. Now Ms. Martha G. Bronitsky as bar counsel, SBN 127583, meaning one legally trained, knew or should have known this before filing her motion to dismiss.

14.     That in light of the foregoing, a thought just occurred to Debtor, Ms. Bronitsky, how many American citizens fighting to keep possession of their homestead have you under the thrust of Title 11 U.S.C. move the bankruptcy court to dismiss their petition to protect their homestead based upon unsubstantiated B410 Proof of Claims of purported secured creditors? How do you sleep at night?

15.     That the United States Supreme Court in 1980 taught us in two decisions decided in that session, *Owens vs. City of Independence*, 445 U.S. 622, (1980) and *Maine vs. Thiboutot*, 448 U.S. 1, (1980), essentially held that lawyers and judges

cannot come to the bar and plead ignorance of the law, for it judges and lawyers don't know the law, then pray tell who does?

16. That getting back to the definition of "State" contained in Title 11 U.S.C. supra, the argument has to be made that the term "**state**" defined in federal law since the 1864 38th Congress Session I, Chap 173, page 306, § 182 referred exclusively to federal territorial jurisdiction.

> Word "state" to include "territories," and District of Columbia.
> SEC. 182. *And be it further enacted*, That wherever the word state is used in this act, it shall be construed to include the territories and the District of Columbia, where such construction is necessary to carry out the provisions of this act.
> APPROVED, June 30, 1864.

Then in 1868 the 40th Congress Second II Chap 186, p 166, § 104 passed another act which later defined "**State**":

> Construction of the words "person," "State," "county," &c. in this act.
> SEC. 104. *And be it further enacted*, That where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, the word "person," as used in this act, shall be construed to mean and include a firm, partnership, association, company, or corporation, as well as a natural person; and words of the masculine gender, as applied to persons, to mean and include the feminine gender; and the singular number to mean and include the plural number; and the word "State" to mean and include a Territory and District of Columbia; and the word "county," to mean and include parish, district, or other equivalent territorial subdivision of a State.

17. That the United States Supreme Court further settled the issue of the difference between the District, Territory vs the states of the American Confederacy in two supreme court rulings, to wit:

> "It has been attempted to distinguish a *Territory* from the district of Columbia; but the court is of opinion, that this distinction cannot be maintained. They may differ in many respects, **but neither of them is a state, in the sense in which that term is used in the constitution**." *The Corporation of New-Orleans v. Winter,* 14 U.S. 91, 4 L. Ed. 44, 1 Wheat. 91, 1816 U.S. LEXIS 311 (1816), **Hepburn And Dundas V. Ellzey,** 6 U.S. 445, 2 L. Ed. 332, 2 Cranch 445, 1805 U.S. LEXIS 287 (1805)    emp added **bold** mine

18.   That the United States Attorney's Manual recognizes the same for criminal resources recognizes at section 644 the limitations of federal jurisdiction as described herein.  Such jurisdiction is extremely limited in a given state republic.  The constitutional phrase "exclusive legislation" is the equivalent of the statutory expression "exclusive jurisdiction."  See **James v. Dravo Contracting Co.,** 302 U.S. 134, 141 (1937), citing, **Surplus Trading Co. v. Cook,** 281 U.S. 647, 652 (1930).  Thus, we have as law and fact that the term "State" today is never to be associated with the term "state" contained within the Constitution of the United States for the United States of America.  Further, to apply an Act of Congress outside of its constitutionally mandated territorial jurisdiction limit is unconstitutional, thus criminal and therefore actionable.

19.   That there is much more that can be said on this issue of law if need be. Ignorance of the law, Debtor has been informed, is no excuse.  Both Martha G. Bronitsky, the Chapter 13 Trustee, all opposing counsels who have filed purported claims of right for purported secured creditors in this Chapter 13 petition and the Honorable Judge William J. Lafferty, all being trained jurist in the law are now all cited for having knowledge of the law regarding the constitutional mandated territorial limitation of any Act of Congress pursuant to Title 42 U.S.C. § 1986 and Title 18 U.S.C. § 4 therefore are bound to acknowledge the apparent lack of territorial jurisdiction for the application of Title 11 U.S.C. in California state in general and in Oakland, California in this particular instance as a matter of law.

> "We [judges] have no more right to decline the exercise of jurisdiction, which is given, than to usurp that which is not given. ***The one or the other would be treason to the constitution***." <u>**Cohens v. Virginia**</u>, 6 Wheat. (19 U.S.) 264, 404 (1821).                                                   Emp added **bold** mine

> "It is true, the courts of law in England have countenanced and supported some fictions.
>     Such as ... fictions to give a jurisdiction which otherwise could not be maintained. It is sufficient to say of all these, that they originally took place, when very dark notions of law and liberty were entertained ... ***No court in America ever yet thought, nor I hope, ever will, of acquiring jurisdiction by a fiction***." (!)  <u>**Maxfield's Lessee v. Levy**</u> (1797), 4 Dall. (4 U.S.) 330, 334.                                              Emp added **bold** mine

> It has been said, with much truth, "Where the law ends, tyranny begins."  <u>**Merritt v. Welsh,**</u> 104 U.S. 694, 702 (1881).

"this is a government of laws and not of men; and that there is no arbitrary power located in any individual or body of individuals." **Cotting v. Kansas City Stock Yards Co.**, 183 U.S. 79, 84 (1901), **Reid v. Covert**, (1957) 354 US 1.

"It is a well-established rule that the United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit." **Utah Power & L. Co. v. United States**, 243 US 389, 409, 61 L ed 791, 818, 37 S Ct 387; **Wilber Nat. Bank v. United States**, 294 US 120, 123, 124, 79 L ed 798, 801, 802, 55 S Ct 362; **United States v. San Francisco**, 310 US 16, 32, 84 L ed 1050, 1061, 60 S Ct 749; **United States v. Stewart**, 311 US 60, 70, 85 L ed 40, 48, 61 S Ct 102. Cf. **United States v. Chickasha Cotton Oil Co.** (CCA10th Okla) 115 F2d 135, 137; **United States v. Thomas** (CCA5th Tex) 107 F2d 765-767.

"Men must turn square corners when they deal with the government." **Rock Island, A. & L. R. Co. v. United States,** 254 US 141, 143, 65 L ed 188, 189, 41 S Ct 55 (by Mr. Justice Holmes).

"Those dealing with an officer or agent of the United States must be held to have had notice of the limitations upon his authority." **Sutton v. United States**, 256 US 575, 579, 65 L ed 1099, 1102, 41 S Ct 563, 19 ALR 403; **Wilber Nat. Bank v. United States**, 294 US 120, 123, 124, 79 L ed 798, 801, 802, 55 S Ct 362.

"Whatever the form in which the Government functions, anyone entering into an agreement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority ... and this is so even though, as here, *the agent himself may have been unaware of the limitations upon his authority*." **Federal Crop Insurance Corporation v. Merrill**, 332 U.S. 380 at 384 (1947). Emp added *bold* mine.

20. That Debtor serves notice upon the court that Debtor in good faith has privately tendered a draft to purported creditor that settles the purported claims of said creditors in a medium of exchange consistent with current federal public policy, law and custom and UCC 3-306 as a matter of law.

## Conclusion

21. That in light of all the foregoing, Debtor believes that Chapter 13 Trustee Martha G. Bronitsky's motion to dismiss should and must be denied/dismissed in the interest of fundamental justice and due process of law, as a matter of law.

To be forewarned is to be forearmed. It hath been said and so it is done.

Respectfully submitted,

I declare under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct to my current knowledge, understanding, belief and complete and not meant to mislead anyone.

Executed on October 16, 2023      By: _____

Calvin Anthony Dobbins, Debtor

Calvin Anthony Dobbins
2308 Hilliard Circle
Antioch, CA 94509-5850

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA,
OAKLAND DIVISION**

In re  
CALVIN ANTHONY DOBBINS

                Petitioner/Debtor.

_____/

Case No. 23-41140-WJL13
(Chapter 13)

Declaration of Service

I, declare as follows:

I am over the age of eighteen years old and not a party to the within action.

On October 16, A.D. 2023 I served by U.S. Mail a true copy of ***DEBTOR'S OPPOSITION TO MOTION OF CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY, TO DISMISS FOR UNREASONABLE DELAY THAT IS PREJUDICIAL TO CREDITORS*** in the UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION, CALIFORNIA to:

Office of U.S. Trustee  
Attn: Martha G. Bronitsky  
P.O. Box 5004  
Hayward, CA 94540

Bonial & Associates, P.C.  
Attn: Kirsten Mariee Martinez #310674  
3160 Crow Canyon Pl, Ste 215  
San Ramon, CA 94583-1110

And that I served the same by depositing in an envelope a copy of the above stated documents, sealed the same and paid the required postage for mailing which was sent to the addresses herein which has service for U.S. Mail available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 10/16/2023          By: _____