Calvin Anthony Dobbins
2308 Hilliard Circle
Antioch, CA 94509-5850



FILED
OCT 16 2023
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA,
OAKLAND DIVISION

In re
CALVIN ANTHONY DOBBINS

Petitioner/Debtor.

Case No. 23-41140-WJL13
(Chapter 13)

**Debtor's Opposition To Objection to Confirmation of Chapter 13 Plan filed by Kirsten Martinez for Alleged Secured Creditor**

TO THE HONORABLE WILLIAM J. LAFFERTY AND ALL PARTIES OF INTEREST:

COMES NOW the Debtor, Calvin Anthony Dobbins, who relies upon **Haines v. Kerner**, (1972), 404 U.S. 519 in the above-captioned matter, **to give notice** that Debtor, pursuant to **Haines v. Kerner**, hereby serves notice of Debtor's Opposition To Objection to Confirmation of Chapter 13 Plan filed by Kirsten Martinez for alleged Secured Creditor as follows:

## I     INTRODUCTION

Debtor contends that the Objection to Confirmation of Chapter 13 Plan filed by Kirsten Martinez is unjust for a number of reason most of which constitute a circumvention of the inherent rights of Debtor guaranteed by the Constitutions of the United States and California state as they pertain to equal protection under the laws of currency, consideration and tender as well as prohibition of involuntary servitude. Debtor in a good faith makes this effort to get to the truth by full disclosure of the terms and conditions of the purported loan of money by Ms. Martinez's purported client that was actually delivered to Debtor which Debtor believes as a matter of law did not take place.

Notice: This document is subject to the Sole Actor Doctrine     Page **1** of **11**

Case: 23-41140    Doc# 24    Filed: 10/16/23    Entered: 10/16/23 15:44:43    Page 1 of 11

## II   STATEMENT OF FACTS

1.  That Ms. Martinez in her objection to Debtor's Chapter 13 plan asserts that her objection is based upon three issues, to wit:

    a. Secured Creditor's claim relating to the Property

    b. Pursuant to 11 U.S.C. §1322(b)(5), the plan fails to provide for the curing of the default on Secured Creditor's claim

    c. Pursuant to 11 U.S.C. §1325(a)(6), the Plan fails to provide how Debtor will be able to make all payments under the Plan and to comply with the Plan

## III   ARGUMENT

2.  That Debtor disputes the tenor of Ms. Matinez's objection in total due to the apparent lack of standing of her alleged client having failed to meet the threshold of FRCP Rule 17(a) "real party in interest" given the lack of certified evidence of actual delivery of a thing of value in the loan of money in the original transaction in comportment with California laws on "payment", "lawful money" as detailed herein.

3.  That Ms. Martinez has assumed that her client who has yet filed the requisite Form 410 Proof of Claim can produce certified evidence of an actual outstanding monetary obligation owned to them by Debtor without verification of an actual delivery of a thing of value (Civil Code § 1478) by her client to Debtor in the initial transaction that would establish her client's standing as a real party in interest mandated by FRCP Rule 17(a) to claim the status of Secured Creditor in this instant petition.

4.  That Debtor is not in receipt of any admissible evidence filed of record of Ms. Martinez's client actual delivery of a thing of value in the lawful money of the United States as mandated under both federal and state laws controlling the issue of consideration, currency, and tender of money and believes that none exist.

5.  That Debtor maintains that Ms. Martinez's client is duly bound by and subject to the specific performance provisions of California Corporation Code in general and in this instant particular dealing with money is bound by Corp Code §107, Civil Code §1478, or

Notice:  This document is subject to the Sole Actor Doctrine                    Page **2** of **11**

Case: 23-41140    Doc# 24    Filed: 10/16/23    Entered: 10/16/23 15:44:43    Page 2 of 11

suffer the penalties of Penal Code § 648 which each cited code section provides in pertinent part that:

> **California Corporation Code § 107** No corporation, social purpose corporation, association, or individual shall issue or put in circulation, **as money, anything but the lawful money of the United States.** Emp added **bold** mine
>
> **Civil Code § 1478** Performance of an obligation for **the delivery of money only, is called payment.** Emp added **bold** mine
>
> **Penal Code § 648** Every person who makes, issues, or puts in circulation any bill, check, ticket, certificate, **promissory note**, or the paper of any bank, **to circulate as money**, except as authorized by the laws of the United States, for the first offense, **is guilty of a misdemeanor, and for each and every subsequent offense, is guilty of felony.** Emp added **bold** mine

All the above laws are consistent with, bound to and point to:

> **Title 12 U.S.C. § 411. Issuance to reserve banks; nature of obligation; redemption Federal reserve notes**, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. **They shall be redeemed in lawful money on demand** at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank. Emp added **bold** mine

6.  That the above referenced statutes are controlled by the mandate of the federal injunction and requirement of Article I, Section 10, Clause 1 of American Constitution as it pertains to the subject of tender of obligations in payment of debt, to wit:

> No State shall. . .make anything but gold and silver coin a tender in payment of debts;

This provision of the supreme Law of the Land is binding upon California as well as the rest of the American states of the American Confederacy now called Union as a matter of law.

7.  That Ms. Martinez has apparently assumed facts not in evidence that her client has suffered some form of economic damage by the acts of Debtor being a proximate cause.

8.  That Debtor hereby asserts that Debtor is the "Payor" on the original promissory note wet ink endorsed by Debtor. Clearly Ms. Martinez has introduced to the court an

Notice: This document is subject to the Sole Actor Doctrine                Page **3** of **11**

Case: 23-41140    Doc# 24    Filed: 10/16/23    Entered: 10/16/23 15:44:43    Page 3 of 11

apparent counterfeit copy of said note to support her client's claim of being a secured creditor. Debtor therefore and hereby pursuant to UCC § 3308 (a) **specifically deny** the signature on the filed documents relied upon by Ms. Martinez and her client being Debtor's actual signature. Ms. Martinez pursuant to UCC § 3308(a) has the burden of proof to establish the validity of the signature contained on their computer generated/copy machine generated document that supports her client's yet to be filed Form B410 proof of claim. Debtor submits that evidence of Debtor's DNA is nowhere located within the four corners of such documents as a matter of law.

### FRCP RULE 17(a) – NO EVIDENCE OF REAL PARTY IN INTEREST

9. The questions that Debtor seeks answers to is in what specific medium of exchange did Ms. Martinez's client's purported "loan of money" were "expressed in terms of?" This question is germane to the issue of standing to appear in light of FRCP Rule 17(a) - Real Party In Interest criterion. All that Ms. Martinez has file in support of her client's secured creditor claim is an uncertified copy of a promissory note. But purported Creditor cannot produce any **certified** evidence of the actual date of their wire transfer, bank draft of the specific medium of exchange mandated by Corporation Code §107, proving <u>actual delivery of a thing of value in lawful money of the United States</u> was loaned to Debtor (as they declare in said promissory note) as mandated by Civil Code 1478 in light of Penal Code 648 penalty provision in light of Title 12 U.S.C. § 411 supra **to prove their actual economic investment and commitment**. Please be advised that Ms. Martinez's **client's signature/s are nowhere found on any of the original loan documents created by them** that Debtor executed which Debtor now believes is unethical. Thus Ms. Martinez has to date failed to establish that her client is a real party in interest per FRCP Rule 17(a) in spite of Ms. Martinez's claim.

> *Nudum pactum* is that **upon which no action arises**. Cod. 2, 3, 10; Id. 5, 14, 1; Broom, Max. 676
>
> Where there is a *nudum pactum*, **there is no consideration, and the contract is not valid and not enforceable**. 2 Kent, Com. 364 (1827) - 2006 Lonang Institute
>
> Toullier defines *nudum pactum* to be an agreement **not executed by one of the parties** . 2 Kent, Com. 364 - 2006 Lonang Institute
>
> It is a rule that **no action can be maintained on a naked contract**; *ex nudo pacto non oritur actio:* 2 Bl. Com. 445; 16 Vin. Ab. 16 Emp added **bold** mine

10. What would Ms. Martinez and her client have to hide from Debtor regarding full disclosure of each element pertaining to their claim loan? What specific medium of exchange did Ms. Martinez's client employ in their loan? Debtor is concerned about the truth here! Debtor is seriously concerned about this matter because, as Debtor suspects, Ms. Martinez's client is contending that it has the right to demand monthly payments or foreclose on the subject property. What we are really dealing here with is a premeditated violation of the Thirteenth Amendment to the supreme Law of the land by forcing involuntary servitude upon Debtor under the pretense and pretext of a lawful contractual consideration. Title 18 U.S.C. § 1589 violation. Such act is way beyond ultra vires, we are talking about seditious conspiracy if not outright treason to the Constitution. Again, Debtor only seeks the truth regarding Ms. Martinez's client alleged loan of money!

"Surely it was not intended **by any act of Congress** that officers of a national bank **should be clothed with the power to cheat and defraud its patrons**. National banks are organized, and their business prosecuted for private gain, and we can conceive of no reason why the officers of such banks should be exempt from the penalties prescribed for **fraudulent banking**." ***Easton vs. Iowa***, 188 U.S. 220 (1903). "***There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments.***" ***U S v THROCKMORTON,*** 98 U.S. 61 (1878), ***Silence can only be equated with fraud*** where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading. ... We cannot condone this shocking conduct by the IRS. Our revenue system is based upon the good faith of the taxpayers and the taxpayers should be able to expect the same from government in its enforcement and collection activities .... This sort of deception will not be tolerated and if this is the "routine" it should be corrected immediately. ***U. S. v. Tweel***, 550 F.2d 297, 299 (1977), [quoting ***U.S. v. Prudden***, 424 F.2d 1021, 1032 (1970)] emp added ***bold*** mine.

Thus, Ms. Martinez client's anticipated denial of full disclosure of the foundation documents of Ms. Martinez's client alleged loan of lawful money of the United States to Debtor is contrary to well settled law on due process, disclosure, equal protection under the laws, and prohibition of forced labor / involuntary servitude.

## ACTS OF CONGRESS ARE LIMITED BY THE CONSTITUTION

11. That Kirsten Martinez apparently has assumed facts not in evidence that the application of Title 11 U.S.C. §1322(b)(5) and §1325(a)(6), within the exterior territorial limits of California state is authorized by the constitution.

Notice: This document is subject to the Sole Actor Doctrine         Page **5** of **11**

Case: 23-41140    Doc# 24    Filed: 10/16/23    Entered: 10/16/23 15:44:43    Page 5 of 11

12. That Debtor has recently become aware of the issue of territorial jurisdiction of all Acts of Congress of which Title 11 U.S.C. is part and parcel of. Kirsten Martinez apparently relies heavily upon Title 11 U.S.C. §1322(b)(5) and §1325(a)(6), to support her Objection to confirmation of Debtor's Chapter 13 plan. Given the apparent involvement of federal law necessarily raises the issue of territorial jurisdiction as reflected in both the Tenth and Twenty-first Amendments of the supreme Law of the land. These are issues of law addressing a **"superior element of law" that is, which jurisdiction governs?** State or federal jurisdiction. Clearly Congress has neither right, power, privilege, permission, authority, etc., to ever legislate for a given state republic which in this case California is, given its admission into the American Confederacy (called Union) on September 9, 1850 as a matter of law.

> That it is a fact that an Act of Congress is locally applicable in the territorial venue of the District of Columbia, federal territories, federal possessions and federal enclaves. See Title 4 USC §72, Title 28 USC §2071, §2072, Title 18 USC § 3156(a) (2), (5), (b) (2), FRCP Rule 81(d) (3), FRCrimP Rule 1(b) (9) ". . . *The laws of Congress in respect to those matters **do not extend** into the territorial limits of the states*, [venue here] *but have force only in the District of Columbia and other places that are within the exclusive jurisdiction of the national government."* . . . **Caha v. United States**, 152 U.S. 211 (1894). "Special provision is made in the Constitution for the cession of jurisdiction from the states over places where the federal government shall establish forts or other military works. And *it is only in these places or in the territories of the United States where it can exercise a general jurisdiction."* **New Orleans v. United States**, 35 U.S. 10 Pet. 662 662 (1836); **United States v. Dewitt**, 76 U.S. 9 Wall. 41 41 (1869); **Pollard's Lessee v. Hagan**, 44 U.S. 3 How. 212 212 (1845); **Louisville & Nashville R. Co. v. Mottley**, 211 U.S. 149 (1908); **Foley Bros., Inc. v. Filardo**, 336 U.S. 281 (1949); **United States v. Spelar**, 338 U.S. 217 (1949). emp added **bold** mine. See also JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES REPORT OF THE INTERDEPARTMENTAL COMMITTEE FOR THE STUDY OF JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES - PART II. "

13. That given the fact that **jurisdiction is a power** constitutionally conferred upon a judge or magistrate to take cognizance of and determine causes according to law, and to carry his sentence into execution. 6 Pet. 591; 9 Johns. 239; 2 Neb. 1, and every act of jurisdiction exercised by a judge without his territory, either by pronouncing sentence or carrying it into execution, **is null and void as a matter of law**. 1 Salk. 404, n.; Gilb. C. P. 188; 1 Saund. 73; 2 Lord Raym. 1311

14. That in light of the foregoing, the issue of territorial jurisdiction for Title 11 U.S.C. must be examined within the text of that title. Beginning at Title 11 U.S.C. § 101 that pertains to definitions. At § 101 (52) we find:

> (52) The term "**State**" includes the <u>**District of Columbia and Puerto Rico**</u>, except for the purpose of defining who may be a debtor under chapter 9 of this title. Emp added **bold** mine.

The first sentence in section 101 of Title 11 U.S.C. states:

<u>**In this title**</u> the following definitions shall apply:
    emp added **bold** mine

Thus we find that Title 11 U.S.C.'s territorial jurisdiction includes the District of Columbia and Puerto Rico in most cases. Debtor does not see California in the list for the term "**State**" defined in Title 11 U.S.C. § 101(52) and yet Ms. Martinez boldly employed Title 11 U.S.C. as her authority to object to confirmation of Debtor's Chapter 13 plan, which right of petition is guaranteed under Article I, Section 8, Clause 4 under the supreme Law of the land. Debtor maintains that the Chapter 13 petition was filed within the exterior territorial limits of California state at Oakland, California. Debtor in light of the foregoing laws, facts and evidence makes the case that Title 11 U.S.C. has no territorial jurisdiction application within California state as a matter of law given the express prohibition of both the Tenth and Twenty-first Amendments to the supreme Law of the land. About the only place that federal law has a general jurisdiction in California would be within the designated area known as "In this State or In this State" as provided in Revenue & Taxation Code §130(f) for example which provides thus:

> "(f) "**In this state**" means within the exterior limits of the State of California, and includes all territory within these limits **owned by, or ceded to, the United States of America**."     Emp added **bold** mine.

15. That the foregoing would pertain to any federal enclave located within the exterior territorial limits of California state on land duly ceded to the United States of America pursuant to Article I, Section 8, Clause 17 of the supreme Law of the land as implemented by Title 40 U.S.C. § 3112 in conjunction with Government Code §§ 120-126 as a matter of law. Take for instance the physical metes and bounds of the United States Bankruptcy Court conducting its business pursuits at 1300 Clay Street, Suite 300

in Oakland, California. This building is physically located within the exclusive legislative jurisdiction of California and not Congress as a matter of law as evidenced in the local public repository of Alameda County. Now Ms. Kirsten Martinez as bar counsel, SBN 310674, meaning one legally trained, knew or should have known this before filing her objection.

16. That getting back to the definition of "State" contained in Title 11 U.S.C. supra, the argument has to be made that the term "**state**" defined in federal law since the 1864 38th Congress Session I, Chap 173, page 306, § 182 referred exclusively to federal territorial jurisdiction.

> Word "state" to include "territories," and District of Columbia.
> SEC. 182. *And be it further enacted,* That wherever the word state is used in this act, it shall be construed to include the territories and the District of Columbia, where such construction is necessary to carry out the provisions of this act.
> APPROVED, June 30, 1864.

Then in 1868 the 40th Congress Second II Chap 186, p 166, § 104 passed another act which later defined "**State**":

> Construction of the words "person," "State," "county," &c. in this act.
> SEC. 104. *And be it further enacted,* That where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, the word "person," as used in this act, shall be construed to mean and include a firm, partnership, association, company, or corporation, as well as a natural person; and words of the masculine gender, as applied to persons, to mean and include the feminine gender; and the singular number to mean and include the plural number; and the word "State" to mean and include a Territory and District of Columbia; and the word "county," to mean and include parish, district, or other equivalent territorial subdivision of a State.

17. That the United States Supreme Court further settled the issue of the difference between the District, Territory vs the states of the American Confederacy in two supreme court rulings, to wit:

> "It has been attempted to distinguish a *Territory* from the district of Columbia; but the court is of opinion, that this distinction cannot be maintained. They may differ in many respects, **but neither of them is a state, in the sense in which that term is used in the constitution**." ***The Corporation of New-Orleans v. Winter,*** 14 U.S. 91, 4 L. Ed. 44, 1 Wheat. 91, 1816 U.S. LEXIS 311 (1816), **Hepburn And Dundas V. Ellzey,** 6 U.S. 445, 2 L. Ed. 332, 2 Cranch 445, 1805 U.S. LEXIS 287 (1805)   emp added **bold** mine

18. That the United States Attorney's Manual recognizes the same for criminal resources recognizes at section 644 the limitations of federal jurisdiction as described herein. Such jurisdiction is extremely limited in a given state republic. The constitutional phrase "exclusive legislation" is the equivalent of the statutory expression "exclusive jurisdiction." See **James v. Dravo Contracting Co.,** 302 U.S. 134, 141 (1937), citing, **Surplus Trading Co. v. Cook,** 281 U.S. 647, 652 (1930). Thus, we have as law and fact that the term "State" today is never to be associated with the term "state" contained within the Constitution of the United States for the united States of America. Further, to apply an Act of Congress outside of its constitutionally mandated territorial jurisdiction limit is unconstitutional, thus criminal and therefore actionable.

19. That there is much more that can be said on this issue of law if need be. Debtor has been informed that excuse Ignorance of the law is no excuse. Both Ms. Kirsten Martinez, the Chapter 13 Trustee, all other opposing counsels who have filed purported claims of right for purported secured creditors in this Chapter 13 petition and the Honorable Judge William J. Lafferty, all being trained jurist in the law are now all cited for having knowledge of the law regarding the constitutional mandated territorial limitation of any Act of Congress pursuant to Title 42 U.S.C. § 1986 and Title 18 U.S.C. § 4 therefore are bound to acknowledge the apparent lack of territorial jurisdiction for the application of Title 11 U.S.C. in California state in general and in Oakland, California in this particular instance as a matter of law.

> "We [judges] have no more right to decline the exercise of jurisdiction, which is given, than to usurp that which is not given. **The one or the other would be treason to the constitution**." <u>Cohens v. Virginia</u>, 6 Wheat. (19 U.S.) 264, 404 (1821).   Emp added **bold** mine

> "It is true, the courts of law in England have countenanced and supported some fictions. Such as ... fictions to give a jurisdiction which otherwise could not be maintained. It is sufficient to say of all these, that they originally took place, when very dark notions of law and liberty were entertained ... **No court in America ever yet thought, nor I hope, ever will, of acquiring jurisdiction by a fiction**." (!) <u>Maxfield's Lessee v. Levy</u> (1797), 4 Dall. (4 U.S.) 330, 334.   Emp added **bold** mine

> It has been said, with much truth, "Where the law ends, tyranny begins." <u>Merritt v. Welsh,</u> 104 U.S. 694, 702 (1881).

> "this is a government of laws and not of men; and that there is no arbitrary power located in any individual or body of individuals." <u>Cotting v. Kansas City Stock Yards Co.</u>, 183 U.S. 79, 84 (1901), <u>Reid v. Covert</u>, (1957) 354 US 1.

"Men must turn square corners when they deal with the government." **Rock Island, A. & L. R. Co. v. United States,** 254 US 141, 143, 65 L ed 188, 189, 41 S Ct 55 (by Mr. Justice Holmes).

"Those dealing with an officer or agent of the United States must be held to have had notice of the limitations upon his authority." **Sutton v. United States**, 256 US 575, 579, 65 L ed 1099, 1102, 41 S Ct 563, 19 ALR 403; **Wilber Nat. Bank v. United States**, 294 US 120, 123, 124, 79 L ed 798, 801, 802, 55 S Ct 362.

"Whatever the form in which the Government functions, anyone entering into an agreement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority ... and this is so even though, as here, *the agent himself may have been unaware of the limitations upon his authority*." **Federal Crop Insurance Corporation v. Merrill**, 332 U.S. 380 at 384 (1947). Emp added *bold* mine.

20. That Debtor serves notice upon the court that Debtor in good faith has privately tendered a draft to purported creditor that settles the purported claims of said creditors in a medium of exchange of "like kind" consistent with current federal public policy, law and custom and UCC § 3-306 as a matter of law.

## Conclusion

21. That in light of all the foregoing, Debtor believes that Ms. Kirsten Martinez's Objection to Confirmation of Debtor's Chapter 13 Plan should and must be denied/dismissed in the interest of fundamental justice and due process of law, as a matter of law.

Respectfully submitted.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct to my current knowledge, understanding, belief and complete and not meant to mislead anyone.

Executed on October 16, 2023        By: _____

Calvin Anthony Dobbins, Debtor

Calvin Anthony Dobbins
2308 Hilliard Circle
Antioch, CA 94509-5850

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA,
## OAKLAND DIVISION

In re  
CALVIN ANTHONY DOBBINS

         Petitioner/Debtor.

_____/

Case No. 23-41140-WJL13  
(Chapter 13)

Declaration of Service

I, declare as follows:

I am over the age of eighteen years old and not a party to the within action.

On October _____, A.D. 2023 I served by U.S. Mail a true copy of **Debtor's Opposition To Objection to Confirmation of Chapter 13 Plan filed by Kirsten Martinez for Alleged Secured Creditor** in the UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION, CALIFORNIA to:

Office of U.S. Trustee  
Attn: Martha G. Bronitsky  
P.O. Box 5004  
Hayward, CA 94540

Bonial & Associates, P.C.  
Attn: Kirsten Mariee Martinez #310674  
3160 Crow Canyon Pl, Ste 215  
San Ramon, CA 94583-1110

And that I served the same by depositing in an envelope a copy of the above stated documents, sealed the same and paid the required postage for mailing which was sent to the addresses herein which has service for U.S. Mail available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

By: _____ *(signed: Calvin A. Dobbins)*